**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANTHONY EARL RIDLEY,**

**Petitioner,**

**v.**                                                    **CASE NO. 21-3158-SAC**

**STATE OF KANSAS, et al.,**

**Respondents.**

**MEMORANDUM AND ORDER**

This matter is styled as a petition for writ of mandamus pursuant to 28 U.S.C. § 1651(a). Petitioner has also filed a motion for leave to proceed *in forma pauperis* (Doc. 2) and a motion for sanctions (Doc. 3). Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is granted.[1] Petitioner's motion for sanctions (Doc. 3) is denied. The Court has conducted an initial review of the petition and, as explained below, the Court will allow Petitioner the opportunity to resubmit his habeas claims upon the court-approved form under this case number. If Petitioner wishes to pursue a civil action involving the remainder of his claims, he must initiate a separate action by filing a complaint on the court-approved forms for such actions and paying the required filing fee.

**Petition for Writ of Mandamus**

Petitioner styles his petition as one seeking a writ of mandamus pursuant to 28 U.S.C. § 1651(a). (Doc. 1, p. 1.) Section

---

[1] Petitioner is granted leave to proceed *in forma pauperis* only with respect to his habeas claims. To the extent that Petitioner wishes to pursue claims under 42 U.S.C. § 1983, he must do so in a separate action and pay the appropriate filing fee for that action.

1651(a) provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Tenth Circuit has held, however, that "[s]ection 1651(a) does not operate to confer jurisdiction; ancillary jurisdiction is provided where jurisdiction is otherwise already lodged in the court." *Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972).

Petitioner also cites to 28 U.S.C. § 1361, which grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." (Doc. 1, p. 6.) But Petitioner does not seek an order compelling a federal officer or employee to perform a duty; all the respondents named in his petition are state officers or employees.[2] (Doc. 1, p. 1-2.) "No relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL), Inc. v. Colo. Dept. of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989). In other words, "[f]ederal courts have no power to issue writs of mandamus to state officers." *Jackson v. Standifird*, 463 Fed. Appx. 736, 738 n. 1 (10th Cir. 2012) (citing § 1361 and *Amisub (PSL), Inc.*).

Thus, the Court cannot grant Petitioner's request for a writ of mandamus. Because Petitioner is proceeding pro se, however, the Court liberally construes his petition, and concludes that

---

[2] To the extent that the petition could be liberally construed to request an order directing that Petitioner's earlier case, No. 18-cv-3060-SAC, be reopened and that Petitioner be allowed "to file a proper second amended complaint by order of the appointment of counsel on behalf of public expense," (Doc. 1, p. 8), the Court notes that Petitioner has filed motions for the same relief in case 18-cv-3060, which the Court has already denied. *See Ridley v. Brownback*, 18-cv-3060, Doc. 18 (D. Kan. July 9, 2021).

Petitioner also seeks relief appropriately pursued through an action brought pursuant to 42 U.S.C. § 1983 or a petition for writ of habeas corpus under 28 U.S.C. § 2254.

**Petition for Writ of Habeas Corpus**

Among other things, Petitioner seeks to "be discharged from the unlawful portion of his imprisonment." (Doc. 1, p. 31.) A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier relief. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997). As a person in custody pursuant to the judgment of a State court, Petitioner may seek relief under § 2254 on the grounds that he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Under Local Rule 9.1(a), however, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send Petitioner the appropriate form and, if Petitioner wishes to do so, he may submit a complete and proper amended petition containing only those claims for which relief may be sought under 28 U.S.C. § 2254.

If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court, in this case or another. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (21-3158) on the first page

of the amended petition. If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. If Petitioner fails to submit an amended petition consistent with these directions, this action may be dismissed without further notice.

## 42 U.S.C. § 1983

In addition to seeking release, however, Petitioner also requests that this Court order the Kansas Department of Corrections to alter certain conditions of his confinement. For example, he seeks an order allowing him to have a diet that complies with his religious preferences and his food allergy. (Doc. 1, p. 7.) A habeas action is generally not the appropriate avenue to challenge conditions of confinement. Rather, an action under 42 U.S.C. § 1983 is the proper avenue to bring such claims. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). As with habeas petitions, however, Local Rule 9.1(a) requires that § 1983 actions by prisoners be initiated with a complaint filed on an official form. See D. Kan. Rule 9.1(a). Thus, if Petitioner wishes to initiate a civil action, he must do so on the appropriate court-approved form.

With respect to any civil action Petitioner may wish to

initiate, the Court notes that Petitioner "is subject to the limitations on proceeding in forma pauperis set out in 28 U.S.C. § 1915(g). That is, absent a showing he is 'under imminent danger of serious physical injury,' Ridley is precluded from bring[ing] a civil action or appeal in forma pauperis." *Ridley v. Bd. of Sedgwick Cty. Comm'rs*, 775 Fed. Appx. 454, 454-55 (10th Cir. 2019). Accordingly, if Petitioner chooses to initiate a separate civil action in which to pursue the § 1983 claims contained in the petition now before the Court, he may proceed *in forma pauperis* in that civil action only if he establishes a threat of imminent danger of serious physical injury. If Petitioner cannot make this required showing, he must pay the full $402.00 district court filing fee[3] to the Court.

**Conclusion**

The petition in this case, which is styled a petition for writ of mandamus, seeks mandamus relief of a type this Court cannot provide. Because the petition also includes claims for relief appropriately pursued under 28 U.S.C. § 2254, Petitioner may submit an amended petition that complies with the directions above, on the proper forms, articulating only his claims for habeas relief. Petitioner is granted leave to proceed *in forma pauperis* on those habeas claims. If Petitioner wishes to pursue his civil rights and/or RLUIPA claims, however, he must initiate a separate civil action, again on court-approved forms, by filing a complaint and paying the required filing fee or establishing that he is under an imminent threat of serious physical injury.

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED THAT** Petitioner's motion for sanctions (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED THAT** Petitioner is granted until August 12, 2021, in which to file a complete and proper amended petition in compliance with the directions in this order. The clerk of court shall transmit a form petition to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 12th day of July, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge