```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**ANTHONY EARL RIDLEY,**

                                  **Petitioner,**

           **v.**                                                    CASE NO. 21-3158-SAC

**STATE OF KANSAS, et al.,**

                                  **Respondents.**

## MEMORANDUM AND ORDER

    Petitioner initiated this action by filing a pro se petition for writ of mandamus pursuant to 28 U.S.C. §§ 1361 and 1651(a). (Doc. 1.) On July 12, 2021, the Court issued an order noting that while none of Petitioner's claims were actionable in federal mandamus, some of his claims were suitable for a federal habeas action under 28 U.S.C. § 2254. (Doc. 4, p. 1-3.) Thus, the Court allowed Petitioner the opportunity to file in this action, on or before August 12, 2021, a complete and proper amended habeas petition.[1] *Id.* at 3-4.

    On August 12, 2021, the clerk of court received a letter from Petitioner asserting that on August 10, 2021, prison staff assisted Petitioner in e-filing in this case a motion for directed verdict and multiple exhibits that comprised more than 240 pages. (Doc. 5.) Petitioner requests a copy of the motion and exhibits and "[i]f these things were not file[d]," Petitioner asks the Court for an extension of time to file his habeas corpus petition. *Id.*

---

[1] The Court also granted leave to proceed *in forma pauperis* on the habeas claims alone. *Id.* at 1 n.1., 4-5. To the extent Petitioner wishes to pursue his civil rights claims, he must do so in a separate 42 U.S.C. § 1983 action.

Nothing was e-filed in this case on August 6, 2021. Moreover, it is unclear why Petitioner wished to file a motion for directed verdict in this action or how his alleged difficulty in doing so justifies an extension of time to file a habeas petition. Nevertheless, the Court liberally construes the letter to the clerk as a motion for extension of time to file the habeas petition allowed by the Court's prior order.

The Court will grant allow Petitioner to and including August 27, 2021 to file the proper and complete amended petition in this case. The petition must contain only Petitioner's federal habeas claims and it must be on the required form. No further extensions will be granted. If Petitioner fails to timely file a habeas petition, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Petitioner's motion for extension of time (Doc. 5) is **granted.**

**IT IS FURTHER ORDERED THAT** Petitioner is granted until August 27, 2021, in which to file a complete and proper amended petition in compliance with the directions in this order.

**IT IS SO ORDERED.**

DATED:  This 13th day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge