```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**ANTHONY EARL RIDLEY,**

                       **Petitioner,**

          **v.**                                                  **CASE NO. 21-3158-SAC**

**STATE OF KANSAS, et al.,**

                       **Respondents.**

## MEMORANDUM AND ORDER

This matter was filed as a petition for writ of mandamus pursuant to 28 U.S.C. § 1651(a). As explained in the Court's July 12, 2021 Memorandum and Order, the Court conducted an initial review of the petition and, although the Court could not grant mandamus relief, it allowed Petitioner the opportunity to submit an amended pleading under this case number presenting only his federal habeas claims. (Doc. 4.) The initial deadline for that petition was August 12, 2021, but the Court granted Petitioner's request for extension of time, after which the petition was due on August 27, 2021. (Doc. 6.) On August 26, 2021, Petitioner filed a motion to appoint counsel (Doc. 8), a motion for directed verdict (Doc. 9), and over 200 pages of exhibits in support of his petition for writ of mandamus (Docs. 10-17). He did not file an amended pleading setting forth only his habeas claims.

**Motion to Appoint Counsel (Doc. 8)**

Petitioner asserts that he needs the assistance of counsel to submit a complete and proper amended petition that contains only his habeas claims. (Doc. 8, p. 1.) In support of this request,

Petitioner points out that he is in segregation, which results in his having extremely limited access to the law library, he has only a limited knowledge of the law, and he does not have the resources to retain counsel. *Id.* Petitioner has unsuccessfully sought appointed counsel from state agencies on his own and now asks the Court to appoint counsel to represent him. *id.* at 1-2.

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Although he identifies five criteria he believes control his request for counsel (Doc. 8, p. 2), those criteria apply to appointment of counsel in special civil *appeals* pending before the Tenth Circuit. *See* U.S. Ct. of App. 10th Cir. Rules, Add. II. They do not apply here.

Instead, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and

complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). Unfortunately, because Petitioner has not clearly identified his habeas claims, the Court cannot conduct this analysis. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]t is not the proper function of the Court to assume the role of advocate for a pro se litigant."). Before the Court can meaningfully consider whether appointment of counsel is justified, Petitioner must file a petition, on court-approved forms, setting forth his habeas claims. Accordingly, Petitioner's motion to appoint counsel is denied without prejudice to refiling the motion if Petitioner files a complete habeas petition that survives screening.

**Motion for Directed Verdict (Doc. 9)**

Petitioner has also filed a "Motion For Directed Verdict" in which he notes his prior motion for sanctions and his petition for mandamus, then sets forth various standards related to federal habeas relief and the doctrine of standing. (Doc. 9.) He asks the Court to order the State of Kansas to release him from custody; pay him $60,280,000.00 in damages; pay him $31,600.00 in attorney fees and costs; and enter "a certificate of innocence finding that the Petitioner is innocent of all crimes for which he was mistakenly convicted." *Id.* at 13.

Petitioner asks this Court to grant him substantive relief on claims he has not yet identified to the Court. As noted above, the necessary first step to go forward in this action is for Petitioner, as directed in the Court's July 12, 2021 Memorandum and Order, to file a complete and proper petition on court-approved forms setting

forth his claims for federal habeas relief. Until Petitioner does so, the Court cannot conduct the initial screening of this action that is required by Rule 4 of the Rules Governing § 2254 Cases, much less grant substantive relief.[1] See Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Thus, Petitioner's motion for directed verdict (Doc. 9) is denied.

**Conclusion**

This case cannot proceed unless Petitioner identifies his asserted grounds for habeas relief. Thus, if Petitioner wishes to pursue this action, he must submit a complete and proper amended petition[2] containing only those claims for which relief may be sought under 28 U.S.C. § 2254. If Petitioner submits a petition on the appropriate form, the Court will proceed with an initial review the petition under Rule 4 of the Rules Governing Section 2254 Cases of in the United States District Courts. If Petitioner fails to timely submit an amended petition consistent with these directions, this action will be dismissed without further notice.

**IT IS THEREFORE ORDERED** that Petitioner's motion to appoint counsel (Doc. 8) is **denied** without prejudice.

**IT IS FURTHER ORDERED THAT** Petitioner's motion for directed

---

[1] In addition, money damages are not available as relief in a habeas corpus petition. Only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights may he bring a civil action for damages against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

[2] As explained in the previous memorandum and order, if Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference other filings with this Court, in this case or another. Any grounds for relief not included in the petition will not be considered before the Court. Petitioner must include the case number of this action (21-3158) on the first page of the petition.

verdict (Doc. 9) is **denied**.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including October 1, 2021, in which to file a complete and proper amended petition in compliance with the directions in this order. The failure to do so will result in the action being dismissed without further notice. The clerk of court shall transmit a form petition to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 31st day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge