**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY EARL RIDLEY,**

                        **Petitioner,**

        v.                                    **CASE NO. 21-3158-SAC**

**STATE OF KANSAS, et al.,**

                        **Respondents.**

## MEMORANDUM AND ORDER

This matter was filed as a petition for writ of mandamus pursuant to 28 U.S.C. § 1651(a) and was dismissed on October 7, 2021. (Docs. 1, 20.) It comes before the Court on Petitioner's motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 22.) For the reasons set forth below, the Court will deny the motion.

Petitioner filed a pro se petition for writ of mandamus on July 8, 2021, asking "this Court to order the Kansas Department of Corrections to allow [him] to have" a specific type of diet to conform to his religious and medical needs and to e-file certain documents on his behalf. (Doc. 1, p. 7.) He also sought to reopen *Ridley v. Brownback*, case number 18-CV-3060-SAC, which this Court dismissed in January 2019; he requested that the Court impose monetary sanctions; and he sought to "be discharged from the unlawful portion of his imprisonment." (Doc. 1, pp. 8, 31.) The Court conducted an initial review of the petition and concluded that it could not grant the mandamus relief Petitioner sought because "[f]ederal courts have no power to issue writs of mandamus

to state officers." (Doc. 4.) *See Jackson v. Standifird*, 463 Fed. Appx. 736, 738 n.1 (10th Cir. 2012).

Because the pleading indicated that Petitioner might wish to raise some habeas corpus claims, however, the Court gave Petitioner the opportunity to submit an amended pleading presenting only his federal habeas claims. *Id.* The initial deadline for that petition was August 12, 2021, but after the Court granted Petitioner's request for extension of time, the petition was due on August 27, 2021. (Doc. 6.) On August 26, 2021, Petitioner filed a motion to appoint counsel (Doc. 8), a motion for directed verdict (Doc. 9), and over 200 pages of exhibits in support of his petition for writ of mandamus (Docs. 10-17), but he did not file an amended pleading.

On August 31, 2021, the Court issued a memorandum and order denying the pending motions and informing Petitioner that this matter could proceed only if he filed an amended petition filed on or before October 1, 2021. (Doc. 18.) Petitioner filed additional "exhibits . . . in support of [his] petition for writ of mandamus," (Doc. 19), but he neither filed an amended petition nor did he ask the Court for additional time in which to do so. Accordingly, on October 7, 2021, the Court dismissed this matter. A week later, Petitioner filed the motion for reconsideration under Rule 59(e) that is now before the Court. (Doc. 22.)

The Court may grant a motion to amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d

1005, 1012 (10th Cir. 2000). In his motion, Petitioner argues that "Jeff Zmuda's staff did release information harmful to personal privacy, prejudicial to the administration of justice, or detrimental to this Court's performance of its duties." (Doc. 22, p. 2.) He also points out that the Kansas constitution and Kansas statutes provide for mandamus relief. *Id.* at 3.

None of Petitioner's arguments provide a persuasive reason to reconsider the dismissal of this action. Simply put, Petitioner sought mandamus relief against state officials, which federal courts cannot provide, and he did not file an amended pleading despite being given time in which to do so. Kansas' constitution and state statutes allow mandamus actions in Kansas state court against state officials. See K.S.A. 60-801 (defining mandamus); Kan. Con. Art. 3, § 3 (vesting original jurisdiction over mandamus proceedings in the Kansas Supreme Court). In contrast, this Court's authority is determined by the United States Constitution and Congress. See U.S. Const. Art. III, § 2 (establishing the limits of federal-court jurisdiction); *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) ("Federal courts . . . are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."). And the Tenth Circuit has held that federal courts lack jurisdiction to grant mandamus relief against state officials. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

Similarly, even taking as true Petitioner's assertion that KDOC staff improperly released information, that does not affect the basis for dismissal:  Plaintiff sought only relief this Court

cannot grant and Plaintiff declined to submit an amended pleading articulating additional claims for relief. Petitioner has not shown an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Accordingly, he has not met the standard required for the Court to amend its October 7, 2021 order and judgment, and that ruling stands.

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration (Doc. 22) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 20th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge