IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY EARL RIDLEY,**

                **Petitioner,**

     v.                                               CASE NO. 21-3158-SAC

**STATE OF KANSAS, et al.,**

                **Respondents.**

## MEMORANDUM AND ORDER

This matter, which was dismissed on October 7, 2021, comes before the Court on Petitioner's "motion for judgment as a matter of law and evidence" under Rule 50(b) of the Federal Rules of Civil Procedure. (Doc. 24.) For the reasons set forth below, the Court will deny the motion.

In July 2021, Petitioner filed a pro se petition for writ of mandamus naming only state officials as respondents. The Court cannot grant the mandamus relief sought because "[f]ederal courts have no power to issue writs of mandamus to state officers." (Doc. 4.) *See Jackson v. Standifird*, 463 Fed. Appx. 736, 738 n.1 (10th Cir. 2012). Since the pleading indicated that Petitioner might wish to raise some habeas corpus claims, however, the Court gave Petitioner the opportunity to submit an amended pleading presenting only his federal habeas claims. When Petitioner did not do so, the Court dismissed this matter. The Court denied Petitioner's subsequent motion for reconsideration, and now Petitioner has filed a "motion for judgment as a matter of law and evidence" under Rule 50(b). (Doc. 24.)

The Court first notes that a Rule 50(b) motion is not procedurally appropriate in this case. By its plain language, Rule 50(b) addresses the post-trial renewal of a motion for judgment as a matter of law. There has been no trial in this matter. Because the Court liberally construes pro se filings, it could liberally construe the present motion as a second motion for reconsideration brought under Rule 59 or 60 or a motion to reconsider the denial of the motion for reconsideration. Even so construing the motion, however, Petitioner is not entitled to relief.

The Court may grant a motion to alter or amend judgment under Rule 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Under Rule 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. *See id.* at 1009. Local Rule 7.3(b) governs motions to reconsider non-dispositive orders, such as the Court's previous denial of a motion to reconsider. Under that rule, "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b).

The arguments in Petitioner's current motion are largely unrelated to the reasons the Court dismissed this case. Petitioner refers to standing, negligence per se, Kansas statutes regarding the treatment of prisoners, prisoners' civil rights, diversity

jurisdiction, the case-or-controversy requirement, separation of powers, justiciability, ripeness, state and federal constitutional provisions on judicial power, federalism, "the independent and adequate state ground doctrine," nunc pro tunc sentencing, Eleventh Amendment immunity, the benefits of legislation allowing judicial annulment of convictions, statutes requiring docketing fees and court costs, attorney's fees, contempt, executive privilege and qualified immunity. These issues are irrelevant to the reasons the Court dismissed this action and will not be addressed in this order.[1]

In addition, Petitioner reasserts his belief that this Court has the authority to issue a writ of mandamus against state officials. (Doc. 24, p. 2-4.) As the Court has repeatedly explained, this belief is legally unsupported. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011); *Adkins v. Kan. Com'n on Judicial Qualifications*, 510 Fed. Appx. 700, 706 (10th Cir. 2013) (unpublished) ("confirm[ing] that the district courts lack power to issue a writ of mandamus to state officials").

Moreover, Kansas statutes and the Kansas constitution "grant[] Kansas *state* courts the authority to 'compel some inferior state court, tribunal, board or . . . person to perform a specified duty. [K.S.A. 60-801] does not grant *federal* courts jurisdiction over state employees." *Adkins v. Simmons*, 2013 WL 3781506, at *3 (D. Kan. July 18, 2013). Thus, Petitioner's argument that Kansas statutes authorize this Court to issue a writ of mandamus to state officials is again rejected. *See Madonia v. Lansing Correctional Facility*, 2013 WL 763443, at *2 (D. Kan. Feb. 27, 2013) ("K.S.A.

---

[1] Petitioner also contends that *Heck v. Humphrey*, 512 US. 477 (1994), is overruled by *Webster v. Fall*, 266 U.S. 507 (1925). (Doc. 24, p. 10.) An earlier case cannot overrule a later one.

60-801, relied upon by plaintiff as the legal authority for this action[,] does not give the federal court authority to issue a mandamus to state officials.").

In summary, the majority of Petitioner's motion discusses legal concepts and makes arguments not relevant to the reasons the Court dismissed this matter. To the extent that Petitioner's motion is on point, it repeats arguments previously rejected by the Court.[2] Petitioner has made no persuasive argument that the Court should reconsider the dismissal or its prior denial of Petitioner's motion to reconsider. As such, the motion is denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion for judgment as a matter of law and evidence (Doc. 24) is **denied**.

**IT IS SO ORDERED.**

DATED:  This 27th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

[2] A motion to reconsider a judgment of dismissal is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." See Nutter v. Wefald, 885 F. Supp. 1445, 1450 (D. Kan. 1995).